FILED
SUPERIOR COURT
OF GUAM

2021 MAY 27 PM 2: 05

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

**PEOPLE OF GUAM,**

v.

**HANDARSON MONUCHAN SONY,**
DOB: 11/18/1993

Defendant.

**Criminal Case No. CM0211-20**
GPD Report No. 20-14397

**DECISION AND ORDER
DENYING DEFENDANT'S MOTION
TO SUPPRESS EVIDENCE**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 23, 2021 for hearing on Defendant Handarson Monuchan Sony's ("Defendant's") Motion to Suppress Evidence ("Motion"). Assistant Attorney General Rolland Wimberley represents the People, and Alternate Public Defender Brycen Breazeale represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

The Department of Revenue and Taxation ("DRT"), the agency responsible for vehicle registration renewals, shut down and began operating only in a severely limited capacity following the Covid-19 pandemic's arrival on Guam. On March 31, 2020, DRT explicitly extended all vehicle registrations set to expire in March and April 2020 until May 31, 2020.[1] On June 4, 2020, the DRT again extended any vehicle registrations otherwise set to expire in March, April, May, or

---

[1] Press Release, Guam Homeland Security Office of Civil Defense, JIC Release No. 40 – Department of Revenue and Taxation Services (Mar. 31, 2020), https://ghs.guam.gov/jic-release-no-40-department-revenue-and-taxation-services.

Decision and Order Denying Defendant's Motion to Suppress Evidence
CM0211-20, *People of Guam v. Handarson Sony*
Page 1 of 5

June 2020 until July 31, 2020.[2] In other words, drivers on Guam were not to be penalized for otherwise late vehicle registration renewals.

Despite the DRT and Guam Police Department's Joint Information Center release announcing this policy, Officers J. Andrew and F.B. Castro pulled over Defendant on June 4, 2020, believing his vehicle registration expired in March 2020. Magistrate's Complaint (Jun. 7, 2020). No other traffic violations were recorded by the Officers. Id. However, Defendant's vehicle registration was not actually expired, having already been extended until the end of July. Defendant subsequently took a breathalyzer test and scored a 0.166 BAC. Id. Defendant then admitted to drinking an unknown amount of beer that night. Id. Officer F.B. Castro was unaware of the registration extension when she pulled over the Defendant, and believed her traffic stop was legal and reasonable. Court Recording ("CR") at 11:11:30 (Apr. 23, 2021).

Defendant was subsequently arrested and charged with Charge One: Driving While Impaired (as a Misdemeanor), Charge Two: Driving While Impaired (BAC) (as a Misdemeanor), Charge Three: Expired Vehicle Registration (as a Violation), and Charge Four: Operating a Motor Vehicle without a Valid Operator's License (as a Violation). Magistrate's Complaint (Jun. 7, 2020).

On March 4, 2021, Defendant filed his Motion to Suppress Evidence. Defendant seeks to suppress all verbal statements he gave to the police, as well as the breathalyzer results and any other physical evidence obtained from the stop. Motion at 1. Defendant believes his Fourth Amendment rights were violated because Officers J. Andrew and F.B. Castro had no reasonable suspicion of criminal activity justifying a pullover. Id. at 3.

On March 15, 2021, The People filed their Opposition to Defendant's Motion to Suppress Evidence ("Opposition"). The People argued that the evidence should not be suppressed because the Officer's conduct falls into a good faith exception to the exclusionary rule. Opposition at 3.

On March 23, 2021, Defendant filed his Reply to People's Opposition to Motion to Suppress Evidence ("Reply"). Defendant argued that the stop was not reasonable because the Officers

---

[2] Press Release, Guam Homeland Security Office of Civil Defense, JIC Release No. 160 – One COVID-19 Case Reported from GMHA; Profiles of Earlier Confirmed Cases; June Food Commodities Distribution; Expanded COVID-19 Testing Continues; DPHSS Tuberculosis Control Processing Section; Information for Motorists Operating… (Jun. 4, 2020), https://ghs.guam.gov/jic-release-no-160-one-covid-19-case-reported-gmha-profiles-earlier-confirmed-cases-june-food.

Decision and Order Denying Defendant's Motion to Suppress Evidence
CM0211-20, *People of Guam v. Handarson Sony*
Page 2 of 5

should have been aware of the vehicle registration extension. Reply at 2. Defendant further argued that the good faith exception to the exclusionary rule does not apply to the facts here. Id. at 4-6.

The Court held a hearing on April 23, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

**DISCUSSION**

I. **Defendant's Fourth Amendment rights were not violated because the police had reasonable suspicion to detain the Defendant.**

The Fourth Amendment to the U.S. Constitution provides that all people shall be free from "unreasonable searches and seizures." U.S. Const. Amend. IV. When a person's "freedom to walk away" is restrained, that person has been "seized" for Fourth Amendment purposes. *Terry v. Ohio*, 392 U.S. at 16. Thus, in the Fourth Amendment context, an individual who submit to a traffic stop has been seized by Officers. *People v. Chargualaf*, 2001 Guam 1 ¶ 17. Because Defendant was subjected to a traffic stop, that stop must comply with the Fourth Amendment or it violates Defendant's Constitutional rights.

When deciding whether the traffic stop complies with Fourth Amendment, it "must be reasonable under the circumstances." *Chargualaf*, ¶ 14. Police officers may not stop or briefly detain individuals unless they have a "reasonable suspicion" that the individual "was engaged in or about to be engaged in illegal conduct." *People v. Mansapit*, 2016 Guam 30 ¶ 9. Generally, the violation of a traffic law will give sufficient cause for an officer to pull over or briefly detain a motorist. *Whren v. U.S.*, 57 U.S. 806, 813-814 (1996).

Evidence obtained in violation of a Defendant's Fourth Amendment rights is inadmissible under the Exclusionary Rule. *Mapp v. Ohio*, 367 U.S. 643 (1961). Subsequently, any evidence obtained following a Fourth Amendment rights violation must further be suppressed under the "fruit of the poisonous tree" doctrine. *Segura v. U.S.*, 468 U.S. 796, 804 (1984).

Defendant argues that Officer F.B. Castro's misplaced belief that Defendant violated motor vehicle registration laws was not reasonable, so the stop violated his Fourth

Decision and Order Denying Defendant's Motion to Suppress Evidence
CM0211-20, *People of Guam v. Handarson Sony*
Page **3** of **5**

Amendment rights. Motion at 5. Defendant's argument thus follows that any evidence obtained from this illegal stop must further be suppressed. Id. at 6.

Here, the Officers acted objectively reasonable when they pulled over the Defendant. The Defendant's vehicle registration tags would have expired approximately three months prior to the traffic stop if not for the extension. Officer F.B. Castro testified that at the time of the traffic stop, she was unaware of the administrative policy extending vehicle registration expirations and that she believed the stop was valid. CR at 11:11:30 (Apr. 23, 2021). The Officers' lack of awareness concerning the registration extension does not make their stop objectively unreasonable. *See Heien v. North Carolina*, 574 U.S. 54 (2014) (finding searches and seizures based on an Officers' mistake of law reasonable). The Officers believed a traffic infraction was being committed and therefore acted objectively reasonable when they conducted a vehicle pullover.

The Defendant's Fourth Amendment rights have not been violated, and it thus follows that any evidence obtained from the traffic stop should not be suppressed under the "fruit of the poisonous tree" doctrine.

II. **Even if the traffic stop did violate Defendant's Fourth Amendment rights, evidence obtained from the stop is admissible under the "good faith" exception to the exclusionary rule.**

Under the good faith exception to the exclusionary rule, evidence obtained from illegal seizures will not be excluded if "the officer's conduct is objectively reasonable", even if based on incorrect beliefs. *See U.S. v. Leon*, 468 U.S. 897, 919 (1984) (holding the exclusionary rule does not suppress evidence derived from subsequently invalidated search warrants so long as the police officer's reliance was objectively reasonable). This good faith exception also applies to evidence obtained by police officers acting in objectively reasonable reliance on ultimately unconstitutional statutes. *See Illinois v. Krull*, 480 U.S. 340, 353 (1987).

It follows that the good faith exception also applies to officers acting in objectively reasonable reliance on mistakes of law. Suppressing evidence in such cases would fail to

Decision and Order Denying Defendant's Motion to Suppress Evidence
CM0211-20, *People of Guam v. Handarson Sony*
Page 4 of 5

advance the exclusionary rule's primary purpose. The "prime purpose" of the exclusionary rule "is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures." *U.S.* v. Calandra, 414 U.S. 338, 347 (1974). However, because Officer F.B. Castro was objectively acting reasonable, excluding this evidence would not affect her future conduct beyond making her less willing to do her duty. *See Arizona v. Evans*, 514 U.S. 1, 12-13 (1995).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. All verbal statements Defendant gave to the police, as well as any physical evidence obtained from the June 4, 2020 traffic stop will not be suppressed. However, because Defendant's vehicle registration had not actually expired, <u>Charge Three</u>: Expired Vehicle Registration (as a Violation) is hereby dismissed.

**IT IS SO ORDERED** this <u>May 27, 1994</u> *nunc pro tunc* to April 23, 2021.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress Evidence
CM0211-20, *People of Guam v. Handarson Sony*
Page 5 of 5